**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

THE VANGUARD GROUP, INC.
100 Vanguard Boulevard
Malvern, Pennsylvania 19355

                                 Plaintiff,

             v.

MS. TATIANA GRECO                No:
1257 Druid Knoll Dr. NE
Atlanta, GA 30319-4109

                          Defendant.

## VERIFIED COMPLAINT

The Vanguard Group, Inc. ("Vanguard"), brings this action against, Tatiana Greco ("Ms. Greco"), for misappropriating over $665,000.00 from a Vanguard joint account registered to Robert C. Greco and Tatiana Greco (account number ending *3485) (the "Vanguard Account"). Ms. Greco improperly transferred the assets to an account held solely in her name at Wells Fargo Bank, N.A. (the "Wells Fargo Account") despite (1) having signed a settlement agreement in which she acknowledged that the assets in the Vanguard Account belonged to her husband; (2) completing paperwork authorizing the transfer of the assets in the Vanguard Account to her husband; (3) her knowledge that a Court order was being sought (and was later entered) in this proceeding confirming the transfer; and (4) her knowledge that the assets in the Vanguard Account were subject to a redemption freeze which Vanguard placed on the account. Vanguard seeks a Temporary Restraining Order and Preliminary Injunction securing the misappropriated assets, return of the misappropriated assets, as well as compensatory and punitive damages. In support of this action, Vanguard alleges the following:

## PARTIES

1.      Plaintiff, The Vanguard Group, Inc. (hereinafter, "Vanguard"), is a Pennsylvania corporation, with its principal place of business in Malvern, Pennsylvania, Chester County.

2.      Upon information and belief, defendant Ms. Tatiana Greco ("Greco") is an adult individual residing at 1257 Druid Knoll Dr. NE, Atlanta, Georgia 30319-4109.

## JURISDICTION AND VENUE

3.      This court has jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.

4.      Venue in this Court is proper because the transactions at issue took place in this judicial district.

5.      The defendant is subject to personal jurisdiction in this judicial district because she purposefully engaged in activity in this judicial district, attempting to redeem funds from a Vanguard account and misappropriating Vanguard's assets, which is located in Pennsylvania.

## RELEVANT FACTS

6.      On March 17, 2011, Ms. Greco and Mr. Greco were married in the state of Washington.  Subsequently, citing differences in their marital life, Ms. Greco and Mr. Greco instituted the above-captioned dissolution proceeding to legally separate.

7.      Mr. and Ms. Greco were the registered joint owners of a Vanguard joint account with an account number ending in *3485 (hereinafter, the "Vanguard Account").  Ms. Greco first attempted to write a check from the Vanguard Account in the amount of $665,990.00 on or about April 18, 2012.  On or about April 19, 2012, Mr. Greco called Vanguard and requested that Vanguard place a 10-day freeze on the Vanguard Account.  Vanguard called Ms.

Greco on April 20, 2012 to inform her about the temporary freeze and explained that no redemptions could be processed from the Vanguard Account while the freeze remained in place. As a result of the freeze, the check was not honored. On or about April 26, 2012, Mr. Greco followed up with a written request to place a permanent freeze on the Vanguard Account. As a result of Mr. Greco's request, Vanguard placed a permanent redemption freeze on the account effective April 26, 2012.

8.      On May 2, 2012, Vanguard sent a letter to Ms. Greco explaining that the Vanguard Account was frozen effective April 26, 2012 and that until the account freeze was lifted, Ms. Greco would be unable to make purchases, exchanges or redemptions from the Vanguard Account. The May 2, 2012 letter also provided the necessary steps Ms. Greco could take to lift the freeze and gain access to the account, including providing evidence of the notarized consent of both Mr. and Mrs. Greco. A true and correct copy of the May 2, 2012 letter is attached hereto as Exhibit B.

9.      Thus, not later than May 2, 2012, Ms. Greco was aware that there was a redemption freeze on the Vanguard Account.

10.      On February 15, 2013, understanding that the dispute between the parties as to the Vanguard Account was continuing, Vanguard wrote to both Mr. and Mrs. Greco reminding them that the redemption freeze remained in effect, and given the growing complexities of the dispute, stating that Vanguard could only lift the redemption freeze upon receipt of a "certified court order from a court of competent jurisdiction . . . ." A copy of that letter is attached hereto as Exhibit C.

11.      On February 26, 2013, Ms. Greco and Mr. Greco signed and fully executed a Property Settlement Agreement and Separation Contract ("Property Settlement

Agreement") in consideration of the desire of the parties to make an amicable settlement of disputes attendant upon their separation, and in further consideration of the mutual benefits to be derived therefrom. A redacted version of the Property Settlement Agreement is attached hereto as Exhibit D.

12.     Section II of the Property Settlement Agreement states that "[e]ach party hereto acknowledges that he or she is making this agreement of his or her own will and volition; acknowledges that no coercion, force, pressure, or undue influence had been employed against him or her in negotiations leading to the execution of this agreement . . . ." Exh. D, Property Settlement Agreement at II.

13.     Section XIII of the Property Settlement Agreement titled Property to Husband states that "the husband shall be granted and conveyed the following real and personal property, free and clear of any right, title, or interest of the wife therein . . . (E) Any and all checking and/or savings accounts, as well as any other funds, currently maintained in the husband's name, including . . . Vanguard Funds accounts ending in *3485." (i.e., the "Vanguard Account") Exh. D, Property Settlement Agreement at III (E) (emphasis added).

14.     Thus, pursuant to the Property Settlement Agreement between the parties, Mr. Greco, not Ms. Greco, is the proper owner of the assets in the Vanguard Account.

15.     On or about March 15, 2013, an attorney for Mr. Greco forwarded to Vanguard a "Transfer of Assets Between Nonretirement Brokerage Account Form" which requested that Vanguard transfer all assets in the Vanguard Account to a different account owned solely by Mr. Greco. The form was signed by Ms. Greco with a signature guarantee. A copy of the letter is attached hereto as Exhibit E.

16.     Mr. and Ms. Greco then submitted a consent Order to the court handling the divorce, on April 2, 2013, which was signed by a Court Commissioner, approving transfer of the Vanguard Account to Mr. Greco. Ms. Greco's attorney signed the consent order. Exhibit A.

17.     Notwithstanding all of the above, on or about March 27, 2013, Ms. Greco again wrote a check from the Vanguard Account to herself in the amount of $665,990.00 to be paid to her personal bank account at Wells Fargo Bank, N.A. In error, $665,990.00 was released to Ms. Greco's Wells Fargo Bank account (the "Disputed Deposit"). Because of the redemption freeze and because the funds were released in error, the transaction was not posted to the Vanguard Account. (Decl., ¶ 14). Thus, the Vanguard Account balance has not been affected and Vanguard is presently at a loss position on the $665,990.00 Ms. Greco improperly redeemed.

18.     Vanguard immediately requested that Wells Fargo return the Disputed Deposit and/or freeze the account. Wells Fargo issued a freeze on the account for a time, but on April 11, 2013 lifted the freeze.

19.     Vanguard requested that Ms. Greco instruct Wells Fargo to retain the freeze, but she refused. Exhibit F. Instead, Ms. Greco has contended that the Vanguard Order and the Property Settlement Agreement somehow give her the right to half the assets in the Vanguard Account. Exhibit G.

## COUNT I
## CONVERSION

20.     Vanguard incorporates the averments in paragraphs 1 through 19 above as if fully set forth herein.

21.     As described above, defendant Greco is in wrongful possession of the Disputed Deposit in the amount of $665,990.00, and is exercising unlawful and improper control and custody over this money.

22.     The Disputed Deposit rightly belongs to Vanguard and are Vanguard's assets.  By maintaining wrongful possession of the Disputed Deposit, defendant Greco has willfully and intentionally interfered with Vanguard's dominion and control over this money, without Vanguard's consent and without lawful justification, resulting in the deprivation of use and possession to which Vanguard is exclusively entitled.

23.     Vanguard had, and continues to have, an immediate right to possession of the Disputed Deposit at the time of conversion.

24.     Vanguard has demanded return of the Disputed Deposit, and defendant Greco has failed and refused to return the money and has converted the money to her own use and enjoyment.

25.     As a result, Vanguard has been deprived of the possession, control, and enjoyment of the Disputed Deposit.

WHEREFORE, Vanguard respectfully requests that this Court enter judgment in its favor, order defendant to return the assets she misappropriated from Vanguard, award it compensatory and punitive damages, award Vanguard its attorney fees and costs, and whatever additional legal or equitable relief the Court deems appropriate.

## COUNT II – UNJUST ENRICHMENT AGAINST MS. GRECO

26.     Vanguard incorporates by reference the allegations contained in Paragraphs 1 through 25, as if set forth at length herein.

27.     Defendant Greco maintains wrongful possession of the Disputed Deposit without lawful justification for the sole purpose of enriching herself at Vanguard's expense.

28.     By her wrongful actions and refusal to return the Disputed Deposit, defendant Greco has enriched herself at Vanguard's expense.

29.     Unless defendant Greco is required to disgorge the Disputed Deposit, she will be unjustly enriched.

WHEREFORE, Vanguard respectfully requests that this Court enter judgment in its favor, order defendant to return the assets she misappropriated from Vanguard, award it compensatory and punitive damages, award Vanguard its attorney fees and costs, and whatever additional legal or equitable relief the Court deems appropriate.

## COUNT III – FRAUD AGAINST MS. GRECO

30.     Vanguard incorporates by reference the allegations contained in Paragraphs 1 through 39, as if set forth at length herein.

31.     Defendant Greco misrepresented to Vanguard that she was entitled to the funds in the Vanguard Account in the amount of $665,990.00 by presenting a check to Vanguard that Ms. Greco, upon information and belief, she knew was fraudulent because she knew that there was a redemption freeze on the account and that the assets were subject to a claim of right by Mr. Greco.  Nonetheless, Ms. Greco attempted to clear the check in order to deceive Vanguard into transferring the assets to her.

32.     Upon information and belief, Ms. Tatiana Greco knew that the Disputed Deposit violated the Property Settlement Agreement, but chose to go forward and cash the check notwithstanding.

33.     As of the date of this complaint, defendant Greco has still not returned the funds from the Disputed Deposit.

34.     As a result Vanguard is at a loss of $665,990.00 for the amount that Ms. Greco fraudulently redeemed from the Vanguard Account.

WHEREFORE, Vanguard respectfully requests that this Court enter judgment in its favor, order defendant to return the assets she misappropriated from Vanguard, award it

compensatory and punitive damages, award Vanguard its attorney fees and costs, and whatever additional legal or equitable relief the Court deems appropriate.

Dated: April 12, 2013

/s/ Michael E. Baughman
Michael E. Baughman, Attorney ID # 78690
Chad B Holtzman, Attorney ID # 307187
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103-2799
Phone:        (215) 981-4000
Fax:          (717) 238-0575
Email:        baughmanm@pepperlaw.com
              holtzmanc@pepperlaw.com

**Attorneys for Plaintiff**

## VERIFICATION

I, Carrie Delgott, hereby state that I am employed by the Plaintiff, The Vanguard Group, Inc., in the capacity of Line Manager for the Retail Investor Group, and am authorized to make this verification. I verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that the statements in said document are made subject to the penalties of 18 Pa.C.S. § 4909 and federal law relating to unsworn falsification to authorities.

Carrie Delgott

# EXHIBIT A

12-3-03525-7, SEA

EXP07

FILED
KING COUNTY, WASHINGTON

APR -2 2013

SUPERIOR COURT CLERK

EXP07

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

In re the Marriage of

ROBERT GRECO,

                 Petitioner,

    and

TATIANA GRECO,

                 Respondent

No. 12-3-03525-7 SEA

AGREED ORDER REGARDING
VANGUARD ACCOUNT

This matter having come on duly and regularly before the undersigned, one of the commissioners of the above entitled court upon agreement of the parties as evidenced by the signatures of their attorneys of record hereon, it is hereby ORDERED as follows:

    1.    The freeze on the account listed in paragraph I of Exhibit A is hereby lifted; and

    2.    All assets in said account shall be transferred pursuant to the instructions contained in Exhibit A.

AGREED ORDER REGARDING VANGUARD
ACCOUNT
Page 1

KINZEL, ALLEN, SKONE & SEARING
312-E Park Heights Building
1800-112th NE, Bellevue, Washington 98004-2900
Phone: 425-455-3333 Fax: 425-455-8813

12-3-03525-7, SEA

3.     The wife shall be granted and conveyed the following real and personal property, free and clear of any right, title, or interest of the husband therein; Any and all property acquired by the wife subsequent to the parties' separation on April 20, 2012.

Done in open court this ___2___ day of April, 2013.

_____
Court Commissioner

Presented by:

_____
Edward R. Skone, WSBA #3985
Attorney for Petitioner

Copy received, Approved for Entry,
Notice of Presentation Waived.

_____
Christina Corwin, WSBA #30327
Attorney for Respondent

AGREED ORDER REGARDING VANGUARD
ACCOUNT
Page 2

KINZEL, ALLEN, SKONE & SEARING
512-E Park Heights Building
1800-112th NE, Bellevue Washington 98004-2900
Phone: 425-455-3333 Fax: 425-455-8813

12-3-03525-7, SEA

1    3.    The wife shall be granted and conveyed the following real and personal

2  property, free and clear of any right, title, or interest of the husband therein.  Any and all

3  property acquired by the wife subsequent to the parties' separation on April 20, 2012.

4

5  Done in open court this _____ day of April, 2013.

6

7

8                                                      _____

9                                                      Court Commissioner

10  Presented by:

11

12  _____
    Edward R. Skone, WSBA #5485
13  Attorney for Petitioner

14

15  Copy received, Approved for Entry,
    Notice of Presentation Waived.

16

17  _____
    Christina Corwin, WSBA # 30327
18  Attorney for Respondent

19

20

21

22

23

AGREED ORDER REGARDING VANGUARD          KINZEL, ALLEN, SKONE & SEARING
ACCOUNT                                   312 E Park Heights Building
Page 2                                    1800-112th NE, Bellevue Washington 98004-2900
                                          Phone: 425-455-3333 Fax: 425-455-8813

12-7.                                                          12-3-03525-7, SEA

Form TRNR



# Transfer of Assets Between Nonretirement Brokerage Accounts Form

*Effective December 2010*

Use this form to transfer nonretirement assets between Vanguard Brokerage Services accounts. The accounts don't have to be identically registered—that is, have the same account owners and addresses.

If the account from which the transfer is being made contains any open orders, we'll cancel these orders before transferring the assets to the receiving account. After the transfer is complete, the new owner may contact a Vanguard Brokerage associate to re-enter the orders.

Print in capital letters and use black ink.

**Questions?**
Call 800-992-8327.
If you need other applications or forms, go to vanguard.com/serviceforms.

## 1. Account you want to transfer

Vanguard Brokerage account number
80802499

Vanguard money market settlement fund account number
85051813466

Vanguard money market settlement fund name
Vanguard Tax Exempt Money Market Fund

## 2. Current account owner information

If you're transferring shares from an individual account because a current account owner is deceased, we'll automatically designate the shares as inherited, using the date of death on the death certificate. The cost basis of the shares will be updated based on the fair market value on the date of death. If you want to adjust the cost basis using an authorized estate valuation, also complete our Cost Basis Update Form for Inherited Shares.

If you're transferring shares from a joint or joint account because a current account owner is deceased, we will not automatically designate the shares as inherited or adjust the cost basis of the shares based on the fair market value on the date of death. If you want to adjust the cost basis using the fair market value on the date of death or an authorized estate valuation, also complete our Cost Basis Update Form for Inherited Shares.

**Name of owner, minor, trustee, or organization representative**

Provide full legal name. ➤

Name (first, middle initial, last)
Robert O Greco

Email address (optional)
Bob@grecolahill.com

Daytime phone (area code and number, extension)
260-403-6071

Evening phone (area code and number, extension)
260-403-6071

Last four digits of Social Security number or employer ID number
1271

1 of 6

# EXHIBIT A




12-3-03525-7, SEA

Form TBHF

**Name of joint owner, custodian, co-trustee, or organization representative**
(If you need more space to list additional owners, provide the information on a separate sheet)

Provide full,
legal name.  →   Name: first, middle initial, last
                 Tatiana Greco

                 Last four digits of Social Security number or employer ID number
                 5496

## 3. Account to receive your transfer

If you don't check a
box, we'll treat the
transfer as a gift.  →   Is this transfer a gift?
                        ☐ Yes   ☒ No

                        Check one.

Skip to Section 4.  →   ☐ New Vanguard Brokerage account  Transfer assets to a new account.
                        Complete our Brokerage Account Application and mail it with this form.

Provide full,
legal name.  →   Name of owner, minor, trustee, or organization representative: first, middle initial, last

                 Name of joint owner, custodian, co-trustee, or organization representative: first, middle initial, last

                 ☒ Existing Vanguard Brokerage account  Transfer assets to the account I indicate below.

                 Brokerage account number
                 45308539

Provide full,
legal name.  →   Name of owner, minor, trustee, or organization representative: first, middle initial, last
                 Robert C Greco

                 Last four digits of Social Security number or employer ID number
                 1217

Provide full,
legal name.  →   Name of joint owner, custodian, co-trustee, or organization representative: first, middle initial, last

                 Last four digits of Social Security number or employer ID number

12-3-03525-7, SEA

Form T3NF

## 4. Assets you want to transfer

**Brokerage assets.** *Check one.*

Check here if you have one account and you want to transfer all assets. You don't need to list individual investments.

☒ Transfer all.

Account number: 52102199

Check here if you want to transfer only a portion of your assets.

If you need more space, either photocopy this section or attach a separate sheet, signed and dated, that includes the account number.

☐ Transfer part.

Note: Vanguard uses the First In, First Out method to select stock shares to transfer from a nonretirement account. If you would prefer to select the stock shares to be transferred, attach a separate sheet, signed and dated, that includes the account number, name of security, and the date you acquired the shares.

| Name of security | Number of shares, or Dollar amount, or Percentage |
| --- | --- |
| Name of security | Number of shares, or Dollar amount, or Percentage |
| Name of security | Number of shares, or Dollar amount, or Percentage |
| Name of security | Number of shares, or Dollar amount, or Percentage |

Note: While we can split one share of a security, the fractional shares will be liquidated after the transfer because we cannot split less than one share (for example, if you hold two shares of ABC Company and we split half shares into two separate accounts). The liquidation will be liquidated at the closing price on the day we process the transfer, commission-free. This may create a taxable event.

**Money market settlement fund assets.** *Check one, if applicable.*

☒ Transfer all.

☐ Transfer part.  Number of shares, or Dollar amount, or Percentage

**Vanguard mutual fund account assets.** *Check one, if applicable.*

☒ Transfer ownership of all assets in this account.

Account number: 880319 1245

*Transfer all mutual fund account assets to account Robert C Greco #/ #09063249363*

12-3-03525-7, SEA

Form TSNF

☐ Transfer ownership of the following assets only.
Note: Vanguard uses the average cost method to select mutual fund shares to transfer from a nonretirement account.

If you need more space, either photocopy this section or attach a separate sheet, signed and dated, that includes the account number.

| Fund number | Account number | Number of shares, or Dollar amount, or Percentage |
| Fund number | Account number | Number of shares, or Dollar amount, or Percentage |
| Fund number | Account number | Number of shares, or Dollar amount, or Percentage |
| Fund number | Account number | Number of shares, or Dollar amount, or Percentage |

## 5. Signature(s) and Authorization(s) *Read carefully before signing*

Important: If a signature guarantee is required and you don't provide one, we won't process this transfer of assets request. If you have any questions, call us at 800-662-2217.

By signing below, the Current Owner(s) and/or his/her/it authorized representative(s) authorize(s) the transfer of the assets identified in Section 4 in accordance with the terms of this form and of any additional form that Vanguard requires to effect the transfer. If the account owner is deceased, the authorized representative must sign below to authorize the transfer.

A signature/medallion guarantee is required if the registration and/or owners on the account are changing, or differ from the delivering account. The authorized representative must also obtain a signature guarantee when signing on behalf of a deceased owner if the assets are not being transferred to the estate.

You hereby irrevocably relinquish all rights, title, and interest to the assets listed in Section 4. You hereby acknowledge that you have read and understand these transfer instructions and further acknowledge that these instructions are binding regardless of any other agreement between the recipient of these assets and you.

If a signature guarantee is required, DO NOT sign this form until you are in the presence of the authorized officer.

| Signature of account owner (or authorized representative, if owner is deceased) | Date *mm/dd/yyyy* |
| *Tatiana Greco* | *03/11/2013* |
| Signature of joint account owner | Date *mm/dd/yyyy* |

## Medallion signature guarantee *if required*

You can get a signature guarantee from an authorized officer of a bank, broker, and many other financial institutions. A notary public CANNOT provide a signature guarantee.

Signature of authorized officer of guarantor

Guarantor stamp

Authorized officer's title  *ASST Manager*   *Beth Brown*  ASST Manager

Name of institution  *Bank of America*

Date *mm/dd/yyyy*

*03/11/2013*

*Signature Page 1 of 2 - Tatiana Greco*  1 of 6

12-3-03525-7, SEA



Signature Page 2 of 2 - Robert C Greco

12-3-0352547, SEA

Form T6NF

## Mailing Information

Make a copy of your completed form for your records.
Mail your completed form in the enclosed postage-paid envelope.

If you do not have
a postage-paid
envelope, mail to:  Vanguard Brokerage Services
P.O. Box 1170
Valley Forge, PA 19482-1170

For overnight
delivery, mail to:  Vanguard Brokerage Services
455 Devon Park Drive
Wayne, PA 19087-1815

## Reminder

If you're transferring assets to a new Vanguard Brokerage retirement account, complete our
Brokerage Account Application and mail it with this form.

8 of 8

# EXHIBIT B



Vanguard Flagship Services™

PO Box 1103
Valley Forge, PA 19482-1100

www.vanguard.com

May 2, 2012

TATIANA GRECO
2657 LENOX RD NE #64
ATLANTA GA  30324

Dear Ms. Greco:

We've received written instructions from Robert C Greco to restrict purchases, exchanges and redemptions from your Vanguard® account #88051913485. In response, we've placed a freeze on the account effective April 26, 2012.

Until the freeze is lifted, you won't be able to make purchases, exchanges or redemptions—including checkwriting redemptions—from the account. To lift the freeze, you'll need to send us a request with the notarized signatures of all registered account owners. The request should:

- Be imprinted with the seal or stamp of the notary.
- Indicate the expiration date of the notary public's commission.
- Include the original signature of the notary public.
- Be dated within 30 days of the date we receive it.

As an alternative, account owners who have passed Voice Verification can request a freeze removal by phone. Please note that all account owners would need to pass Voice Verification to complete the request.

USPL

If you have any questions, please call me at **866-414-2744** on business days from 8 a.m. to 10 p.m. or on Saturdays from 9 a.m. to 4 p.m., Eastern time. If I'm unavailable, you can speak with another representative, or you can leave me a voice mail and I will return your call.

Sincerely,

Ashley Lewis
Registered Representative

52045729

# EXHIBIT C



February 15, 2013

**Vanguard Flagship Services ®**

P.O. Box 1103
Valley Forge, PA  19482-1103

www.vanguard.com

TATIANA GRECO
1257 DRUID KNOLL DR NE
ATLANTA GA  30319-4109

Dear Mrs. Greco:

I am writing today with respect to the redemption freeze that was placed on the Vanguard® joint account registered to Robert Greco and Tatiana Greco. As you know, as a result of the freeze, no exchanges or redemptions from the joint account are permitted.

In order for Vanguard to remove the current redemption freeze and subsequently move forward with any change of ownership of assets in the joint account, Vanguard will require a certified court order from a court of competent jurisdiction instructing the following:

1. that the freeze on the joint account be lifted,
2. how the assets in the joint account are to be allocated, and
3. that the parties complete reasonably necessary paperwork required by Vanguard to effectuate any division of assets.

The court certification must be dated within sixty (60) days of Vanguard's receipt.

Once Vanguard receives the certified court order, we will provide to the joint account owners any additional documentation needed to effectuate any transfer of the joint account. At a minimum, completion of the Change of Ownership Form by both joint account owners is required to transfer assets from a joint account. This form requires the signatures of both joint account owners to be guaranteed.

We already have a completed Change of Ownership Form with Mr. Greco's signature guaranteed, instructing 100% of the joint account be transferred to an individual account Robert Greco's name. If the court order provides identical instruction, we will only require a new form from you with your signature guaranteed, agreeing to this same transfer/identical instruction. If the Court orders a different allocation or division of the assets, Vanguard will require proper completion of Change of Ownership Forms by both parties reflecting the different allocation instructions. Additionally, if the assets are to be transferred to a new individual non-retirement account at Vanguard, Vanguard will also require the proper completion of an Account Registration Form to open an account.

For your information, signature guarantees can be obtained from an officer of a bank or trust company, or a member firm of a United States stock exchange. A notary public cannot provide a signature guarantee. In order for a signature guarantee to be valid, it must state the words Signature Guaranteed, be signed by the guarantor, and indicate his or her position and title. It must also indicate the name of the institution issuing the guarantee.

I hope this provides both parties the clarification needed to proceed. I am providing this letter and email to the other joint owner with the same instructions. Please feel free to forward this on to your legal counsel.

If you have additional questions regarding this matter, please call me at 866-414-2744 on business days from 8 a.m. to 4:30 p.m., Mountain Standard time. If I'm unavailable, you can speak with another representative, or you can leave me a voice mail and I will return your call.


Sincerely,

*Ashley R. Lewis*

Ashley Lewis
Registered Representative

52262862



February 15, 2013

**Vanguard Flagship Services ®**

P.O. Box 1103
Valley Forge, PA 19482-1103

www.vanguard.com

ROBERT C GRECO
4570 W CRAMER ST
SEATTLE WA 98199-1011

Dear Mr. Greco:

Thank you for your patience as I worked to get clarification on the requirements for removing the freeze and changing ownership.

I am writing today with respect to the redemption freeze that was placed on the Vanguard® joint account registered to Robert Greco and Tatiana Greco. As you know, as a result of the freeze, no exchanges or redemptions from the joint account are permitted.

In order for Vanguard to remove the current redemption freeze and subsequently move forward with any change of ownership of assets in the joint account, Vanguard will require a certified court order from a court of competent jurisdiction instructing the following:

1. that the freeze on the joint account be lifted,
2. how the assets in the joint account are to be allocated, and
3. that the parties complete reasonably necessary paperwork required by Vanguard to effectuate any division of assets.

The court certification must be dated within sixty (60) days of Vanguard's receipt.

Once Vanguard receives the certified court order, we will provide to the joint account owners any additional documentation needed to effectuate any transfer of the joint account. At a minimum, completion of the Change of Ownership Form by both joint account owners is required to transfer assets from a joint account. This form requires the signatures of both joint account owners to be guaranteed.

As you know, we already have a completed Change of Ownership Form with your signature guaranteed, instructing 100% of the joint account be transferred to an individual account in your name. If the court order provides identical instruction, we will only require a new form from Mrs. Greco with her signature guaranteed, agreeing to this same transfer/identical instruction. If the Court orders a different allocation or division of the assets, Vanguard will require proper completion of Change of Ownership Forms by both parties reflecting the different allocation instructions. Additionally, if the assets are to be transferred to a new individual non-retirement account at Vanguard, Vanguard will also require the proper completion of an Account Registration Form to open an account.

For your information, signature guarantees can be obtained from an officer of a bank or trust company, or a member firm of a United States stock exchange. A notary public cannot provide a signature guarantee. In order for a signature guarantee to be valid, it must state the words Signature Guaranteed, be signed by the guarantor, and indicate his or her position and title. It must also indicate the name of the institution issuing the guarantee.

I hope this provides both parties the clarification needed to proceed. I am providing this letter and email to the other joint owner with the same instructions. Please feel free to forward this on to your legal counsel.

If you have additional questions regarding this matter, please call me at 866-414-2744 on business days from 8 a.m. to 4:30 p.m., Mountain Standard time. If I'm unavailable, you can speak with another representative, or you can leave me a voice mail and I will return your call.


Sincerely,

*Ashley R. Lewis*

Ashley Lewis
Registered Representative

52262832

# EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## PROPERTY SETTLEMENT AGREEMENT

### AND

### SEPARATION CONTRACT

THIS AGREEMENT is being made and entered into this 26th day of February 2013, by and between Tatiana Greco (hereinafter referred to as "wife") and Robert C. Greco (hereinafter referred to as "husband").

### I. RECITALS

The parties hereto were married on the 17th day of March 2011, and the marriage was recorded in King County, Washington, and ever since that time the parties have been and now are husband and wife; and

Certain differences have arisen in the marital life of the parties as a result of which they are in the process of separating and intend to live separate and apart. There is an action pending in King County Superior Court Cause No. 12-3-03525-7 SEA for Dissolution of Marriage. The parties hereto are now desirous of fully, finally, and forever effecting a

PROPERTY SETTLEMENT AGREEMENT - 1

LAW OFFICES OF
REED LONGYEAR
MALNATI & AHRENS PLLC
1415 NORTON BUILDING
801 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1517
(206) 624-9271

1  settlement and disposition of their property rights without the necessity of intervention of the

2  court; and

3       Each party has had the opportunity to receive independent legal counsel in the

4  negotiation and preparation of this agreement.  Christina Corwin of Reed Longyear Malnati

5  & Ahrens PLLC represented the Wife.  Edward R. Skone of Kinzel, Allen, Skone & Searing,

6  Inc., P.S., represented the Husband.

7       Each party has fully disclosed to the other all properties he or she owns, and all

8  income he or she derives therefrom, and from all other sources and all claims, liens, or

9  encumbrances affecting such property and income, and entering into this contract, the parties

10  have attempted to divide their properties in such a manner so that after deducting all

11  liabilities each will receive a share of the property or cash that is the result of negotiations

12  between the parties; now, therefore,

13       IN CONSIDERATION of the mutual promises, agreements, and covenants contained

14  herein, and in consideration of the desire of the parties to make an amicable settlement of

15  disputes attendant upon their separation, and in further consideration of the mutual benefits to

16  be derived therefrom.

17       IT IS AGREED AS FOLLOWS:

18

19       II.  UNDUE INFLUENCE AND INDUCEMENTS

20       Each party hereto acknowledges that he or she is making this agreement of his or her

21  own will and volition; acknowledges that no coercion, force, pressure, or undue influence has

22  been employed against him or her in negotiations leading to the execution of this agreement

23  either by the other party hereto or by any other person or persons whomsoever; and declares

24  PROPERTY SETTLEMENT AGREEMENT - 2

LAW OFFICES OF
REED LONGYEAR
MALNATI & AHRENS PLLC
1415 NORTON BUILDING
801 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1517
(206) 624-6271

1   that no reliance whatsoever is placed upon any representations or promises other than those

2   expressly set forth herein.

3                                   III. INHERITANCE

4

5

6

7

8

9

10

11

12                                IV.  WARRANTY OF WIFE

13

14

15

16

17

18

19

20                             V.  WARRANTY OF HUSBAND

21

22

23

24

PROPERTY SETTLEMENT AGREEMENT – 3

LAW OFFICES OF
REED LONGYEAR
MALHATT & AHRENS PLLC
1415 NORTON BUILDING
801 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1517
(206) 624-9271

## VI. AFTER ACQUIRED PROPERTY

## VII. FINDINGS AND DECREE

If a Decree of Dissolution of Marriage or Legal Separation is applied for, this Property Settlement Agreement shall be embodied within any such Decree of Dissolution or Legal Separation which may ultimately issue with respect to this marriage. Findings of Fact, Conclusions of Law, and Decree shall be subject to approval as to form by each party's attorney, whose approval shall not be unreasonably withheld.

Notwithstanding that the provisions of this agreement may be included and merged into a Decree of Dissolution or Legal Separation, if one is obtained, it is also the intention of the parties that this agreement retains its status independently as a contract between the parties; each spouse to enforce his or her rights as they arise from this agreement by contract

PROPERTY SETTLEMENT AGREEMENT - 4

LAW OFFICES OF
REED LONGYEAR
MALNATI & AHRENS PLLC
1415 HORTON BUILDING
801 SECOND AVENUE
SEATTLE, WASHINGTON 98101-1517
(206) 624-6271

1   law, as well as those remedies available for the enforcement of judgments and dissolution

2   law.

3                              VIII.  ENFORCEMENT

4       It is hereby understood that the undertakings and commitments of both husband and

5   wife in this agreement are unique and that in the event of violation or of threat of violation by

6   the husband or wife of the terms, conditions, or provisions hereof, the other party may not

7   have an adequate remedy at law.  Therefore, in addition to any other remedy available to the

8   husband or wife under this agreement or at law, either the husband or the wife shall have the

9   remedies of specific enforcement and injunction in any court of competent jurisdiction to

10  prevent violation of the terms thereof.

11      If any such action becomes necessary, whether at law or in equity, to enforce the

12  terms of this agreement, the prevailing party shall be entitled to an award of attorney's fees

13  and suit costs reasonably incurred in such enforcement action.

14

15                              IX.  APPLICABLE LAW

16      The parties do hereby stipulate that interpretation of this document may be made by

17  any court of competent jurisdiction, which may be called upon to interpret it, and in so doing,

18  said court shall apply the law of the State of Washington.

19

20                  X.  INSURANCE WITH RESPECT TO PROPERTY

21

22

23

24  PROPERTY SETTLEMENT AGREEMENT - 5

LAW OFFICES OF
REED LONGYEAR
MALNATI & AHRENS PLLC
1415 NORTON BUILDING
801 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1517
(206) 624-6271

1

2

3

4

### XI. CONVEYANCE OF PROPERTY

5   The property portions of this agreement, when executed, shall operate as a

6   conveyance by the wife to the husband and as a conveyance by the husband to the wife of the

7   enumerated items of property in Paragraphs XII and XIII. Thereafter, those items shall be

8   the sole and separate property of the wife or husband, as the case may be.

9

10   ### XII. PROPERTY TO WIFE

11   The wife shall be granted and conveyed the following real and personal property, free

12   and clear of any right, title, or interest of the husband therein:

13   A.

14

15

16   B.

17

18   C.

19

20   D. Any and all savings and/or checking accounts, as well as any other funds,
currently maintained in the wife's name, including:

21

22

23   Vanguard Individual account ending *0284;

24

PROPERTY SETTLEMENT AGREEMENT - 6

LAW OFFICES OF
REED LONGYEAR
MALNATI & AHRENS PLLC
1415 NORTON BUILDING
801 SECOND AVENUE
SEATTLE WASHINGTON 98104-1517
(206) 624-6271

Vanguard Individual account ending #3051:

E.

F.

G.

H.

I.

J.

K.

L.

M.

PROPERTY SETTLEMENT AGREEMENT - 7

LAW OFFICES OF
REED LONGYEAR
MALNATI & AHRENS PLLC
1415 NORTON BUILDING
801 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1517
(206) 624-6271

N.

## XIII. PROPERTY TO HUSBAND

The husband shall be granted and conveyed the following real and personal property, free and clear of any right, title, or interest of the wife therein:

A.

B.

C.

D.

PROPERTY SETTLEMENT AGREEMENT - 8

LAW OFFICES OF
REED LONGYEAR
MALNATI & AHRENS PLLC
1415 NORTON BUILDING
801 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1517
(206) 624-9271

E. Any and all checking and/or savings accounts, as well as any other funds, currently maintained in the husband's name, including:

Vanguard Individual Account ending *9363;
Vanguard Brokerage Account ending *6539;
Vanguard Funds accounts ending *3485;
Vanguard Brokerage account ending *2499;
Vanguard Rollover IRA ending *8261;

F.

G.

H.

I.

J.

K.

L.

PROPERTY SETTLEMENT AGREEMENT - 9

LAW OFFICES OF
REED LONGYEAR
MALNATI & AHRENS PLLC
1415 NORTON BUILDING
- 801 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1517
(206) 624-6271

1    M.

2

3

4    N.

5

6

7

8

9    XIV.  SALE OF REAL PROPERTY

10

11    XV.  SPOUSAL MAINTENANCE

12

13

14    XVI.  CHILD SUPPORT AND CHILDREN'S PROPERTY

15

16

17    XVII.  PARENTING PLAN AND RESIDENTIAL SCHEDULE

18

19

20    XVIII.  OBLIGATIONS

21

22

23

24    PROPERTY SETTLEMENT AGREEMENT - 10

LAW OFFICES OF
REED LONGYEAR
MALNATI & AHRENS PLLC
1415 NORTON BUILDING
801 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1517
(206) 624-6271

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

XIX. INCOME TAX LIABILITIES

20
21
22
23
24

PROPERTY SETTLEMENT AGREEMENT - 11

LAW OFFICES OF
REED LONGYEAR
MALNATI & AHRENS PLLC
1415 NORTON BUILDING
801 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1517
(206) 624-9271

XX.  ATTORNEY FEES AND OTHER RELATED COSTS

XXI.  ARBITRATION

XXII.  AGREEMENT EFFECTIVE AFTER DEATH

XXIII.  EXECUTION OF NECESSARY DOCUMENTS

Both parties agree to execute all documents and papers necessary to effectuate this agreement, and to sign same promptly.

XXIV.  LEGAL DESCRIPTIONS

PROPERTY SETTLEMENT AGREEMENT - 12

LAW OFFICES OF
REED LONGYEAR
MALNATI & AHRENS PLLC
1415 NORTON BUILDING
801 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1517
(206) 624-6271

1
2
3
4

## XXV. FINALITY

5
6   The parties agree that this arrangement with respect to their property rights and

7   obligations, subject to the approval of the court, shall constitute a full and complete

8   settlement of all their property rights and obligations, and neither party will claim, assert, or

9   demand of or against the other any relief different than is embodied in this agreement, and

10  will not assert a demand that is inconsistent or contrary to the terms embodied herein.

11

## XXVI. WARRANTY AS TO POSSESSION OF PROPERTY

12
13  Both parties acknowledge that this Agreement is fair and equitable and that the

14  properties and obligations hereinafter listed and disposed of constitute all of the properties

15  and liabilities of the parties, both separate and community.  Each party has made a full and

16  complete disclosure to the other of all property acquired and all obligations incurred by either

17  of them prior to the date of this Agreement, and each has disclosed his or her respective

18  income, benefits, and other interests including, but not limited to, all employment benefits,

19  pensions, annuities, life insurance contracts, and all other property interests or rights.

20
21
22
23
24  PROPERTY SETTLEMENT AGREEMENT - 13

LAW OFFICES OF
REED LONGYEAR
MALNATI & AHRENS PLLC
1415 NORTON BUILDING
801 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1517
(206) 624-6271

## XXVII. NO INDUCEMENTS

It is understood and agreed that no inducements or promises of any kind or nature have been made or extended from either of the parties to the other which has induced the execution of this agreement, and the same embodies in its entirety the agreement between the parties relative to the disposition of their property rights and community obligations, and there is no other agreement now existing between them with reference to such property rights and community obligations.

## XXVIII. ADDITIONAL PROVISIONS

This Agreement shall not be filed in court or otherwise as a public record in this or any other action or proceeding.

IN WITNESS WHEREOF, the parties hereto have caused their presents to be executed and delivered the day and date first above written.

_Tatiana Greco_
Tatiana Greco (Wife)

_Robert Greco_
Robert C. Greco (Husband)

PROPERTY SETTLEMENT AGREEMENT - 14

LAW OFFICES OF
REED LONGYEAR
MALNATI & AHRENS PLLC
1415 NORTON BUILDING
801 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1517
(206) 624-6271

1   STATE OF ~~WASHINGTON~~ )Georgia
                            ) ss
2   COUNTY OF ~~KING~~ Fannin )

3       On this 26 day of February, 2013, before me, the undersigned, a Notary Public in
    and for the State of Washington, duly commissioned and sworn personally appeared Tatiann
4   Greco, to me known to be the individual described in and who executed the foregoing
    instrument, and acknowledged to me that she signed and sealed the said instrument as her
5   voluntary act and deed for the uses and purposes therein mentioned.

6       WITNESS my hand and official seal hereto affixed the day and year in this certificate
    above written.

7

8                                          Charlene Foster
                                           Print Name: Charlene Foster
9                                          Notary Public in and for the State of Washington,
                                           residing at Epworth GA 30541
10                                         My commission expires: April 12 2013

11

12  STATE OF WASHINGTON )
                        ) ss
13  COUNTY OF KING      )

14      On this 19th day of February, 2013, before me, the undersigned, a Notary Public in
    and for the State of Washington, duly commissioned and sworn personally appeared Robert
15  C. Greco, to me known to be the individual described in and who executed the foregoing
    instrument, and acknowledged to me that he signed and sealed the said instrument as his
16  voluntary act and deed for the uses and purposes therein mentioned.

17      WITNESS my hand and official seal hereto affixed the day and year in this certificate
    above written.

18

19                                         Print Name: Simon Edward Tuman
20                                         Notary Public in and for the State of Washington,
                                           residing at Seattle, WA
21                                         My commission expires: Aug 30, 2014

22                  Notary Public
                   State of Washington
23               SIMON EDWARD TUMAN
              My Appointment Expires Aug 30, 2014

24  PROPERTY SETTLEMENT AGREEMENT - 15

                                           LAW OFFICES OF
                                           REED LONGYEAR
                                        MALNATI & AHRENS PLLC
                                          1415 NORTON BUILDING
                                           801 SECOND AVENUE
                                      SEATTLE, WASHINGTON 98104-1517
                                             (206) 624-6271

# EXHIBIT E

LAW OFFICES

## KINZEL, ALLEN, SKONE & SEARING INC. P.S.

EDMUND P. ALLEN
EDWARD R. SKONE
STEPHANIE M. SEARING

312-E PARK HEIGHTS BUILDING
1800-112TH AVENUE NORTHEAST
**BELLEVUE, WASHINGTON 98004**
TELEPHONE (425) 455-3333
FACSIMILE (425) 455-8813

WILLIAM L. KINZEL
OF COUNSEL

March 15, 2013

Vanguard Brokerage Services
455 Devon Park Drive
Wayne, PA 19087-1815

Sent via overnight delivery

Re:    Robert Greco

Dear Sirs:

At the direction of Mr. Robert Greco, I am enclosing the original of the fully executed Transfer Form for the account indicated therein.

Sincerely,

Edward R. Skone

ERS: rp

Enclosure

cc:    Robert Greco (email-w/encl.)
       Ashley Lewis (email-w/encl.)

Form TSNF



# Transfer of Assets Between Nonretirement Brokerage Accounts Form

*Effective December 2010*

Use this form to transfer nonretirement assets between Vanguard Brokerage Services® accounts. The accounts don't have to be identically registered—that is, have the same account owners and addresses.

If the account from which the transfer is being made contains any open orders, we'll cancel these orders before transferring the assets to the receiving account. After the transfer is complete, the new owner may contact a Vanguard Brokerage associate to reenter the orders.

Print in capital letters and use black ink.

> **Questions?**
> Call 800-992-8327.
>
> If you need other applications or forms, go to vanguard.com/serviceforms.

## 1. Account you want to transfer

Vanguard Brokerage account number
80602499

Vanguard money market settlement fund account number
88051913485

Vanguard money market settlement fund name
Vanguard Tax Exempt Money Market Fund

## 2. Current account owner information

If you're transferring shares from an individual account because a current account owner is deceased, we'll automatically designate the shares as inherited, using the date of death on the death certificate. The cost basis of the shares will be updated based on the fair market value on the date of death. If you want to adjust the cost basis using an authorized estate valuation, also complete our Cost Basis Update Form for Inherited Shares.

If you're transferring shares from a joint or trust account because a current account owner is deceased, we will not automatically designate the shares as inherited or adjust the cost basis of the shares based on the fair market value on the date of death. If you want to adjust the cost basis using the fair market value on the date of death or an authorized estate valuation, also complete our Cost Basis Update Form for Inherited Shares.

### Name of owner, minor, trustee, or organization representative

Provide full, legal name. > Name *first, middle initial, last*
Robert C Greco

Birth date *mm/dd/yyyy*
03/14/1965

E-mail address *optional*
bob@grecofamily.com

Daytime phone *area code, number, extension*
206 683 6074

Evening phone *area code, number, extension*
206 683 6074

Last four digits of Social Security number or employer ID number
1217

Form TSNF

**Name of joint owner, custodian, co-trustee, or organization representative**
If you need more space to list additional owners, provide the information on a separate sheet.

| Provide full, legal name. > | Name *first, middle initial, last* |
| | Taliana Greco |
| | Last four digits of Social Security number or employer ID number |
| | 5496 |

## 3. Account to receive your transfer

If you don't check a box, we'll treat the transfer as a gift. > | **Is this transfer a gift?** |
☐ Yes   ☒ No

Check one.

Skip to Section 4. > ☐ **New Vanguard Brokerage account** *Transfer assets to a new account.*
Complete our Brokerage Account Application and mail it with this form.

Provide full, legal name. > Name of owner, minor, trustee, or organization representative *first, middle initial, last*

Name of joint owner, custodian, co-trustee, or organization representative *first, middle initial, last*

☒ **Existing Vanguard Brokerage account** *Transfer assets to the account I indicate below.*

Brokerage account number
45306539

Provide full, legal name. > Name of owner, minor, trustee, or organization representative *first, middle initial, last*
Robert C Greco #1

Last four digits of Social Security number or employer ID number
1217

Provide full, legal name. > Name of joint owner, custodian, co-trustee, or organization representative *first, middle initial, last*

Last four digits of Social Security number or employer ID number

Form TSNF

## 4. Assets you want to transfer

**Brokerage assets**  *Check one.*

Check here if you have one account and you want to transfer all assets. You don't need to list individual investments.

☒ Transfer all.

Account number
8060 24 99

Check here if you want to transfer only a portion of your assets.

If you need more space, either photocopy this section or attach a separate sheet, signed and dated, that includes the account number.

☐ Transfer part.
Note: Vanguard uses the First In, First Out method to select stock shares to transfer from a nonretirement account. If you would prefer to select the stock shares to be transferred, attach a separate sheet, signed and dated, that includes the account number, name of security, and the date you acquired the shares.

| Name of security | Number of shares *or* Dollar amount *or* Percentage |
|---|---|
| Name of security | Number of shares *or* Dollar amount *or* Percentage |
| Name of security | Number of shares *or* Dollar amount *or* Percentage |
| Name of security | Number of shares *or* Dollar amount *or* Percentage |

Note: While we can split one share of a security, the fractional shares will be liquidated after the transfer because we cannot hold less than one share (for example, you hold one share of ABC company and we split half shares into two separate accounts). The position will be liquidated at the closing price on the day we process the transfer, commission-free. This may create a taxable event.

**Money market settlement fund assets**  *Check one, if applicable.*

☒ Transfer all.

☐ Transfer part.   Number of shares *or* Dollar amount *or* Percentage

**Vanguard mutual fund account assets**  *Check one, if applicable.*

☒ Transfer ownership of all assets in this account.

Account number
88057917485

*Transfer all mutual fund account assets*
*to account Robert C Greco #1*
*# 0986824 9363*

Form TSNF

> ☐ Transfer ownership of the following assets only.
>
> Note: Vanguard uses the average cost method to select mutual fund shares to transfer from a nonretirement account.

| | | |
|---|---|---|
| Fund number | Account number | Number of shares  *or*  Dollar amount  *or*  Percentage |
| Fund number | Account number | Number of shares  *or*  Dollar amount  *or*  Percentage |
| Fund number | Account number | Number of shares  *or*  Dollar amount  *or*  Percentage |
| Fund number | Account number | Number of shares  *or*  Dollar amount  *or*  Percentage |

If you need more space, either photocopy this section or attach a separate sheet, signed and dated, that includes the account number.

## 5. Signature(s) and Authorization(s)  *Read carefully before signing.*

**Important:** If a signature guarantee is required and you don't provide one, we won't process this transfer of assets request. If you have any questions, call us at 800-992-8327.

By signing below, the current owner(s) and/or his/her/its authorized representative(s) authorize(s) the transfer of the assets identified in Section 4 in accordance with the terms of this form and of any additional form that Vanguard requires to effect the transfer. If the account owner is deceased, the authorized representative must sign below to authorize the transfer.

A signature/medallion guarantee is required if the registration and/or owners on the account are changing or differ from the delivering account. The authorized representative must also obtain a signature guarantee when signing on behalf of a deceased owner if the assets are not being transferred to the estate.

You hereby irrevocably relinquish all rights, title, and interest to the assets listed in Section 4. You hereby acknowledge that you have read and understand these transfer instructions and further acknowledge that these instructions are binding regardless of any other agreement between the recipient of these assets and you.

If a signature guarantee is required, DO NOT sign this form until you are in the presence of the authorized officer.

| | |
|---|---|
| Signature of account owner (or authorized representative, if owner is deceased) | Date  *mm/dd/yyyy* |
| Signature of joint account owner | Date  *mm/dd/yyyy* |

## Medallion signature guarantee  *if required*

You can get a signature guarantee from an authorized officer of a bank, broker, and many other financial institutions. A notary public CANNOT provide a signature guarantee.

| | |
|---|---|
| Signature of authorized officer of guarantor | Guarantee stamp |
| Authorized officer's title | |
| Name of institution | |
| Date  *mm/dd/yyyy* | |

*Signature Page 1 of 2 - Tatiana Greco*                    4 of 6

Form TSNF

☐ Transfer ownership of the following assets only.

Note: Vanguard uses the average cost method to select mutual fund shares to transfer from a nonretirement account.

*If you need more space, either photocopy this section or attach a separate sheet, signed and dated, that includes the account number.*

| Fund number | Account number | Number of shares *or* Dollar amount *or* Percentage |
|---|---|---|
| Fund number | Account number | Number of shares *or* Dollar amount *or* Percentage |
| Fund number | Account number | Number of shares *or* Dollar amount *or* Percentage |
| Fund number | Account number | Number of shares *or* Dollar amount *or* Percentage |

## 5. Signature(s) and Authorization(s) *Read carefully before signing.*

**Important:** If a signature guarantee is required and you don't provide one, we won't process this transfer of assets request. If you have any questions, call us at 800-992-8327.

By signing below, the current owner(s) and/or his/her/its authorized representative(s) authorize(s) the transfer of the assets identified in Section 4 in accordance with the terms of this form and of any additional form that Vanguard requires to effect the transfer. If the account owner is deceased, the authorized representative must sign below to authorize the transfer.

A signature/medallion guarantee is required if the registration and/or owners on the account are changing or differ from the delivering account. The authorized representative must also obtain a signature guarantee when signing on behalf of a deceased owner if the assets are not being transferred to the estate.

You hereby irrevocably relinquish all rights, title, and interest to the assets listed in Section 4. You hereby acknowledge that you have read and understand these transfer instructions and further acknowledge that these instructions are binding regardless of any other agreement between the recipient of these assets and you.

*If a signature guarantee is required, DO NOT sign this form until you are in the presence of the authorized officer.*

| Signature of account owner (or authorized representative, if owner is deceased) | Date mm/dd/yyyy |
|---|---|
| *Tatiana Greco* | 03/11/2013 |
| Signature of joint account owner | Date mm/dd/yyyy |

## Medallion signature guarantee *If required*

*You can get a signature guarantee from an authorized officer of a bank, broker, and many other financial institutions. A notary public CANNOT provide a signature guarantee.*

Signature of authorized officer of guarantor

Guarantee stamp

Authorized officer's title *ASST. Manager*   *Bijoh Srour, ASST. Manager*

Name of institution *Bank OF America*

Date mm/dd/yyyy *03/11/2013*

*Signature Page 1 of 2 - Tatiana Greco*   4 of 6.

Form TSNF

| | ☐ Transfer ownership of the following assets only. Note: Vanguard uses the average cost method to select mutual fund shares to transfer from a nonretirement account. | | |
|---|---|---|---|
| If you need more space, either photocopy this section or attach a separate sheet, signed and dated, that includes the account number. > | Fund number | Account number | Number of shares _or_ Dollar amount _or_ Percentage |
| | Fund number | Account number | Number of shares _or_ Dollar amount _or_ Percentage |
| | Fund number | Account number | Number of shares _or_ Dollar amount _or_ Percentage |
| | Fund number | Account number | Number of shares _or_ Dollar amount _or_ Percentage |

## 5. Signature(s) and Authorization(s) _Read carefully before signing._

**Important:** If a signature guarantee is required and you don't provide one, we won't process this transfer of assets request. If you have any questions, call us at 800-992-8327.

By signing below, the current owner(s) and/or his/her/its authorized representative(s) authorize(s) the transfer of the assets identified in Section 4 in accordance with the terms of this form and of any additional form that Vanguard requires to effect the transfer. If the account owner is deceased, the authorized representative must sign below to authorize the transfer.

A signature/medallion guarantee is required if the registration and/or owners on the account are changing or differ from the delivering account. The authorized representative must also obtain a signature guarantee when signing on behalf of a deceased owner if the assets are not being transferred to the estate.

You hereby irrevocably relinquish all rights, title, and interest to the assets listed in Section 4. You hereby acknowledge that you have read and understand these transfer instructions and further acknowledge that these instructions are binding regardless of any other agreement between the recipient of these assets and you.

| | | |
|---|---|---|
| If a signature guarantee is required, DO NOT sign this form until you are in the presence of the authorized officer. > | Signature of account owner (or authorized representative, if owner is deceased) | Date _mm/dd/yyyy_ 1/11/13 |
| | Signature of joint account owner | Date _mm/dd/yyyy_ |

### Medallion signature guarantee _if required_

| | | |
|---|---|---|
| You can get a signature guarantee from an authorized officer of a bank, broker, and many other financial institutions. A notary public CANNOT provide a signature guarantee. > | Signature of authorized officer of guarantor | Guarantee stamp |
| | Authorized officer's title  Personal Banker 2 | |
| | Name of institution  Wells Fargo Bank | |
| | Date _mm/dd/yyyy_  01/11/2013 | |

Signature Page 2 of 2 – Robert C. Greco          4 of 6

Form TSNF

## Mailing information

Make a copy of your completed form for your records.
Mail your completed form in the enclosed postage-paid envelope.

If you do not have
a postage-paid > Vanguard Brokerage Services
envelope, mail to: P.O. Box 1170
Valley Forge, PA 19482-1170

For overnight
delivery, mail to: > Vanguard Brokerage Services
455 Devon Park Drive
Wayne, PA 19087-1815

## Reminder

If you're transferring assets to a new Vanguard Brokerage nonretirement account, complete our
Brokerage Account Application and mail it with this form.

# EXHIBIT F

**Baughman, Michael E.**

| | |
|---|---|
| From: | Tatiana <tatianasongs@yahoo.com> |
| Sent: | Wednesday, April 10, 2013 1:08 PM |
| To: | Baughman, Michael E. |
| Cc: | christina corwin; Larissa Chan; Shirlee Williams |
| Subject: | Re: Urgent Matter Regarding Tatiana Greco |

Dear Mr. Baughman,

Thank you for contacting me concerning this legal matter.

I respectfully disagree with the content of your letter as not accurate. In fact, the "bad check" # 1003 was issued to me as a contract payment on April 18, 2012 in the presence of the witness. The issuer of the "bad check" is Robert Charles Greco, 19420 Marine View Dr. SW, Normandy park, WA 98166-3870, who "...issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee." PA. ATAT. ANN. tit. 18, Paragraph 4105(a)(1) Purdon 1998). Ms. Ashley Lewis, my registered Vanguard representative, provided help to Mr. Greco to initiate and complete this Vanguard Group transaction without my proper consent.

I am currently in the process to obtain an available legal help according to the federal law and my consumer rights to avail myself of whatever remedies your state's law permits over a bad check in accordance with the Act 2000-50, LAW OF PENNSYLVANIA.

At this time, due to the current ongoing investigation, I can not give my consent to instruct "Wells Fargo to retain the freeze".

You will be contacted in a timely manner concerning this unresolved legal matter.

Thank you for your cooperation in this matter. You may contact me via phone, email or US mail if you have any further urgent questions or concerns. Please find contact information provided in this letter.

Sincerely,
Tatiana Greco,
Vanguard Flagship Client
404-304-5587
PO Box 1162
McCaysville, GA 30555

\\ ANGELS ALL AROUND //

---

**From:** "Baughman, Michael E." <baughmam@pepperlaw.com>
**To:** "'tatianasongs@yahoo.com'" <tatianasongs@yahoo.com>
**Cc:** "ccorwin@rlmalaw.com" <ccorwin@rlmalaw.com>
**Sent:** Wednesday, April 10, 2013 9:52 AM
**Subject:** FW: Urgent Matter Regarding Tatiana Greco

Dear Ms. Greco:

Please see the attached letter which I sent to your attorney in Seattle late yesterday.  She claims in the attached email that she is not representing you on this issue and asked that I contact you directly.

Please read the attached and confirm by 5:00 pm EDT today that you have instructed Wells Fargo to retain the freeze now in place over the assets that you attempted to redeem from Vanguard.  If you have counsel, please have him or her contact me immediately.

Michael E. Baughman
Attorney at Law
**Pepper** Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4964 - Direct
215.981.4750 - Fax
baughmanm@pepperlaw.com
www.pepperlaw.com

**From:** Baughman, Michael E.
**Sent:** Tuesday, April 09, 2013 6:48 PM
**To:** 'ccorwin@rlmalaw.com'
**Subject:** Urgent Matter Regarding Tatiana Greco
**Importance:** High

Dear Ms. Corwin:

I represent The Vanguard Group, Inc.  Please see the attached urgent correspondence regarding your client Ms. Tatiana Greco and call me when you can.

Thank you.

Michael E. Baughman
Attorney at Law
**Pepper** Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4964 - Direct
215.981.4750 - Fax
baughmanm@pepperlaw.com
www.pepperlaw.com

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by software viruses. The information contained in this communication may be confidential and may be subject to the attorney-client privilege. If you are the intended recipient and you do not wish to receive similar electronic messages from us in the future then please respond to the sender to this effect.

Dear Mr. Baughman,
I do not represent Ms. Greco regarding this matter with Vanguard.  Please contact her directly.
Thank you,
Christina

**Christina L. Corwin**
**Reed Longyear Malnati & Ahrens PLLC**

1415 NORTON BUILDING
801 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1517

TELEPHONE (206) 624-6271
TOLL FREE (877) 239-2596
FACSIMILE (206) 624-6672
EMAIL  ccorwin@rlmalaw.com

www.RLMALAW.com

The information in this email message may be privileged and confidential.  It is intended only for the use of the recipient named above
(or the employee or agent responsible to deliver it to the intended recipient).  If you received this in error, you are hereby notified that
any dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Baughman, Michael E. [mailto:baughmam@pepperlaw.com]
**Sent:** Tuesday, April 09, 2013 3:48 PM
**To:** Christina Corwin
**Subject:** Urgent Matter Regarding Tatiana Greco
**Importance:** High

Dear Ms. Corwin:

I represent The Vanguard Group, Inc.  Please see the attached urgent correspondence regarding your client Ms. Tatiana
Greco and call me when you can.

Thank you.

Michael E. Baughman
Attorney at Law
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4964 - Direct
215.981.4750 - Fax
baughmanm@pepperlaw.com
www.pepperlaw.com

---

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the
intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to minimize the risk of
transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by
software viruses. The information contained in this communication may be confidential and may be subject to the attorney-client privilege. If you are the intended recipient and
you do not wish to receive similar electronic messages from us in the future then please respond to the sender to this effect.

# EXHIBIT G

----- Forwarded Message -----
From: Tatiana <tatianasongs@yahoo.com>
To: "flagship@vanguard.com" <flagship@vanguard.com>; Ashley Lewis <flagship@eonline.evanguard.com>;
"Ashley_Lewis@fs.vanguard.com"< Ashley_Lewis@fs.vanguard.com>
Cc: Tatiana <tatianasongs@yahoo.com>; "Angel tatianahealingwithlove@gmail.com"< tatianahealingwithlove@gmail.com>
Sent: Monday, April 8, 2013 7:11 PM
Subject: Re: Vanguard Initiated Message, attention to Ms. Colleen Jecen and Ms. Ashley Lewis

Dear Ms. Jecen,

My phone records indicate that I did not receive a phone call from Vanguard on April 20, 2012.

In regards to your letter about Vanguards procedures, please find attached the copies of the legal documents required:

1. Property Settlement Agreement and Separation Contract. Please note that in Paragraph XII - Property to wife: "The wife shall be granted and conveyed the following real and personal property, free and clear of any right, title, or interest of the husband therein: D. Wells fargo Checking account ending *9982; H. Any and all savings and/or checking accounts, as well as any other funds, currently maintained in the wife's name, including but not limited to: Vanguard individual account ending *0284; Vanguard individual account ending *3951; Wells Fargo Checking account ending *9982;" Please find the copy of the Wells Fargo April, 2012 statement and Wells Fargo bank transaction record receipt with the amount of $665,990.00 credited to my checking account number: XXXXXX9982 on April 19, 2012 attached. To continue, please note, that: "Any and all property acquired by the wife subsequent to the parties' separation on April 20, 2012." as stated in Paragraph XII. "H."

2. Agreed order regarding Vanguard account: 3." The wife shall be granted and conveyed the following real and personal property, free and clear of any right, title, or interest of the husband therein: Any and all property acquired by the wife subsequent to the parties' separation on April 20, 2012."

3. Wells Fargo transaction receipts, April 2012 and April 2013. Please note, that the required paperwork, including the copy of the "stop payment" Vanguard check # 1003 and Vanguard check # 1004 were submitted to Wells Fargo in accordance with my rights and federal law procedures concerning my losses I suffered.

I appreciate your cooperation with this matter.

Sincerely,
Tatiana Greco, Flagship Client.

\\ ANGELS ALL AROUND //